IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                No. 1:11-cr-10063-JDB-1

BRYAN STEFANO GOYER,

    Defendant.

_____

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE
RELEASE, AS SUPPLEMENTED
_____

       Pursuant to a judgment entered October 22, 2012, the Defendant, Bryan Stefano Goyer, was sentenced to 180 months' imprisonment, to be followed by four years of supervised release, upon a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a), (e). (Docket Entry ("D.E.") 52.) In an order entered July 15, 2020, the Court denied his pro se motion for compassionate release. (D.E. 93.) Before the Court is his second pro se motion for such relief (D.E. 95), as supplemented by counsel (D.E. 97, 102). The Government filed a response objecting to the relief sought (D.E. 99), as well as a supplemental brief (D.E. 105). On May 6 and 20, 2021, the Court conducted hearings on the motions. (D.E. 106, 109.) Defendant's counsel filed a supplemental post-hearing brief on May 26, 2021. (D.E. 110.) The motions are now ripe for disposition.

       As noted by the Court in its previous order, compassionate release requests are governed by 18 U.S.C. § 3582(c)(1)(A)(i), which provides in pertinent part that

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all

>administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Thus, under the statute, "an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Based on the documentation appended to Defendant's initial compassionate release motion, the Court found that it was unable to determine whether exhaustion had occurred. However, at this juncture, the Government concedes that the exhaustion requirement has been satisfied. The Court will now move to the merits of the request.

There are three substantive requirements that must be met before a district court can grant compassionate release: "(1) district courts must 'find' both that 'extraordinary and compelling reasons warrant a sentence reduction' and that (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' before (3) considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Harvey*, 996 F.3d 310, 314 (6th Cir. 2021) (per curiam) (brackets omitted) (quoting *Jones*, 980 F.3d at 1101). The district court may deny a compassionate release motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

In this case, the Court finds Goyer has failed to establish the first requirement and, thus, it need not consider the remaining elements. The "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20. Goyer is

currently housed at Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia, and has a projected release date of November 28, 2025. https://www.bop.gov.inmateloc/ (last visited Jun. 9, 2021). Defendant, who is thirty-seven years old and black, seeks compassionate release because his underlying medical conditions, including Type 2 diabetes mellitus, hypertension, and a history of deep vein thrombosis, as well as his race, render him at an increased risk of death should he contract the COVID-19 virus in prison.

On March 9, 2021, however, Goyer was administered the first dose of the COVID-19 vaccine produced by Pfizer. He received the second dose on March 30, 2021. According to a report on a new study by the Centers for Disease Control and Prevention dated June 7, 2021, mRNA vaccines such as Pfizer's reduce the risk of infection by ninety-one percent for those fully vaccinated. www.cdc.gov/releases/2021/p0607-mrna-reduce-risks.html (last visited June 9, 2021). The report further noted that "fully vaccinated people who still get COVID-19 are likely to have milder, shorter illness[.]" *Id.* FCI Hazelton has 1,905 inmates. www.bop.gov/locations/institutions/haf/ (last visited June 9, 2021). The Government stated in its supplemental brief filed over a month ago that 1,782 of its inmates and 377 staff members had been vaccinated. The Court assumes those numbers have risen in the intervening weeks. At this time, the BOP reports no active cases of the virus among inmates and only one among staff at the facility. www.bop.gov/coronavirus/ (last visited June 8, 2021).

Courts have routinely denied compassionate release motions based on COVID-19 concerns where the inmate has received the vaccine. *United States v. Shade*, Case No. 2:19-cr-88, 2021 WL 2069759, at *2 (S.D. Ohio May 24, 2021) (as defendant had been fully vaccinated, the coronavirus was not an extraordinary and compelling reason for his release); *United States v. Quijada-Castillo*. Criminal Action No. 3:19-CR-20-CRS, 2021 WL 1930710, at *3 (W.D. Ky. May 13, 2021) (where

3

movant had been vaccinated, request for compassionate release based on potential for COVID-19 infection had been rendered moot); *United States v. McIver*, Criminal Action No. 5:17-069-DCR, 2021 WL 1792070, at *2 (E.D. Ky. May 5, 2021) ("Put simply, the defendant has not demonstrated that COVID-19 is an extraordinary and compelling reason for reducing his sentence, particularly when he has been vaccinated against the virus."), *appeal filed* (No. 21-5523) (6th Cir. May 24, 2021). These decisions have been rendered even where the inmate suffers from co-morbidities. *See United States v. Taylor*, Case No. 2:17-cr-20640-3, 2021 WL 2283743, at **1-2 (E.D. Mich. June 4, 2021) (defendant who was morbidly obese and suffered from asthma and sleep apnea, and who had been fully vaccinated with the Pfizer vaccine, could not establish extraordinary and compelling reasons for relief based on COVID-19 concerns); *United States v. Dalton*, No. 2:13-CR-00037-5-JRG-DHI, 2021 WL 1911129, at **1, 5 (E.D. Tenn. May 12, 2021) (defendant suffering from lupus, cardiac arrhythmia, and prediabetes who had received both doses of Pfizer vaccine had failed to identify an extraordinary and compelling reason for release); *United States v. Jackson*, No. 3:11-cr-00138, 2021 WL 1721427, at **1-2 (M.D. Tenn. Apr. 30, 2021) (court found defendant suffering from hyperlipidemia, prediabetes, sleep apnea, and obesity who had received Pfizer vaccine had not demonstrated extraordinary and compelling reasons for release, noting that "virtually every district court considering the issue[] has determined that being fully vaccinated by the Pfizer shots (or the comparatively effective Moderna shots) precludes a finding of an 'extraordinary and compelling' reason within the meaning of [§] 3582(c)(1)(A). This includes federal trial courts within this circuit."); *see also United States v. Parham*, Cause No. 1:19-CR-133-LG-RHW-1, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) ("Although not 100% effective at preventing COVID-19 infection, the vaccine substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions[;]"

thus, inmate's COVID-19 concerns did not rise to the level of extraordinary and compelling reason justifying release). As he has been fully vaccinated against COVID-19, Goyer has failed to show extraordinary and compelling reasons for his early release.

His motion is, therefore, DENIED. The Clerk is DIRECTED to terminate D.E. 95, 97, and 102.

IT IS SO ORDERED this 9th day of June 2021.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE